UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALICE M., | Case No.: 24-cv-0225-JES-KSC |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | **[DOC. NO. 2]** |
| Defendant. | |

On February 2, 2024, plaintiff Alice M. commenced an action against Martin O'Malley, Commissioner of Social Security, seeking review of a final adverse disability benefits decision. Doc. No. 1. Plaintiff also filed a Motion to Proceed in Forma Pauperis ("IFP"). Doc. No. 2. Having reviewed plaintiff's Motion and supporting affidavit, the Court RECOMMENDS the Hon. James E. Simmons DENY plaintiff's Motion.

A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a). The affidavit must "state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) (internal quotations omitted).

An affidavit is sufficient if it shows the applicant cannot pay the fee "and still be able to provide himself and dependents with the necessities of life." *Id.* (internal quotations omitted). However, an affidavit can also show an affiant is financially able, in whole or in part, to pay the fee. *See Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984) ("[T]he same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar.").

Plaintiff resides with her spouse who earns $5200 per month. Doc. No. 2 at 2-3. They owe approximately $411,000 on a home with an estimated value of $700,000. *Id.* at 4. They own two cars, a 2007 Chevy truck and a 2000 Jaguar, that plaintiff values at $2500 and $500 respectively. *Id.* Plaintiff has a checking account with a balance of $1200. *Id.* at 3.[1]

Plaintiff reports her monthly expenses total $6717 which includes: mortgage, real estate taxes, and property insurance; utilities; food; clothing; laundry; medical and dental expenses; vehicle insurance; credit card and loan payments; mobile phone service; and union dues. *Id.* at 5-6. Although plaintiff's claimed monthly expenses exceed her household income, the Court finds she has not shown she is unable to pay the filing fee for her Complaint.

First, plaintiff's affidavit contains apparent inconsistencies and lacks the requisite certainness regarding her expenses. *See id.* at 5 (claiming monthly expense of $2975 for mortgage, property taxes, and home insurance and an additional monthly expense of $300 for home insurance).

Second, her monthly expenses appear to also include those of her 38 year old son and 13 year old grandson who rely on plaintiff and her spouse for support. *Id.* at 4.

---

[1] Plaintiff also owns a savings account with $1175 but states these funds are held for her grandson and are not her own. Doc. No. 2 at 3, 6. The Court, therefore, did not include this asset in its evaluation of plaintiff's Motion.

2

Plaintiff's choice to support her adult son and grandson suggests she has the resources to pay the filing but would prefer to spend it in other ways.

Moreover, plaintiff and her spouse have approximately $289,000 in equity in their home (*Id.* at 4) and their annual income exceeds the federal poverty level (*Id.* at 2-3).[2]

Based on these facts, the Court does not find plaintiff has shown she is unable to pay the Court's filing fee and also provide herself and dependents with the necessities of life. *See Conway v. Comm'r of Soc. Sec. Admin.*, No. 20-cv-2199-PHX-JAT, 2020 WL 6781252, at *1 (D. Ariz. Nov. 18, 2020) (denying IFP status where plaintiff and spouse had monthly income of $4275, real estate holdings worth $240,000, $22,000 in savings, and monthly expenses of $4870, which included financial support of adult children and grandchildren).

The Court, therefore, RECOMMENDS District Judge Simmons DENY plaintiff's Motion. Plaintiff may file an objection to this Report and Recommendation on or before **March 19, 2024**.

Dated:  March 5, 2024

Hon. Karen S. Crawford
United States Magistrate Judge

---

[2] *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Feb. 29, 2024) (listing the poverty level for a two-person household as $20,440 and a four-person household at $31,200). Plaintiff's household yearly income is $62,400. *See* Dkt. No. 2 at 2-3.