UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE M., <br><br>　　　　　Plaintiff, <br><br>v. <br><br>LELAND DUDEK, Acting Commissioner of Social Security, <br><br>　　　　　Defendant. | Case No.:  24-cv-00225-KSC <br><br>**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

**I.     INTRODUCTION**

Plaintiff Alice M. seeks review of the Commissioner of Social Security's denial of disability benefits. Doc. No. 1. The parties have filed briefs for review of the decision. Doc. Nos. 18, 22, 23. For the reasons set forth herein, the Court reverses the denial of benefits and remands the case for further proceedings.

**II.    PROCEDURAL BACKGROUND**

On November 30, 2018, plaintiff applied for disability insurance benefits claiming disability beginning August 30, 2018. AR 457-59.[1] The Social Security Administration

---

[1] "AR" refers to the Administrative Record lodged on April 2, 2024. Doc. No. 15. The Court's citations to the AR use the page references on the original document rather than

1

denied plaintiff's claim and denied reconsideration. AR 236–40, 242–46. Plaintiff requested a hearing, which an Administrative Law Judge ("ALJ") held in three parts, on April 20 and August 26, 2021, and October 25, 2022. AR 81–111, 112–63, 164–73. On February 7, 2023, the ALJ issued a decision finding plaintiff not disabled. AR 21–51. On December 13, 2023, the Appeals Counsel denied plaintiff's request for review. AR 8–13. Plaintiff then filed this case. Doc. No. 1.

### III.  SUMMARY OF ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found plaintiff had "not engaged in substantial gainful activity since August 30, 2018." AR 28.

At step two, the ALJ found the following severe medically determinable impairments: seronegative osteoarthritis; degenerative disc disease with stenosis, principally affecting the cervical spine; degenerative joint disease of the shoulders; and asthma. *Id*. The ALJ also found plaintiff's anxiety disorder was not severe. AR 30.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 32.

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work "as the claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8 hour day, and sit for 6 hours in an 8 hour day," subject to these non-exertional limitations:

> she could frequently balance, stop, kneel, crouch or crawl; occasionally climb ramps or stairs; never climb ladders, ropes or scaffolding; frequently reach, handle, finger, and feel bilaterally except bilateral overhead reaching only is limited to occasionally; occasionally push and pull with the lower

---

the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by the CM/ECF.

2

24-cv-00225-KSC

> extremities; must avoid work at unprotected heights or around dangerous moving machinery; and must avoid concentrated exposure to dust, odors, fumes, other pulmonary irritants, vibration, or extreme cold.

AR 33.

At step four, the ALJ found plaintiff could perform her past relevant work, which the ALJ classified as a medical records technician (DOT Code 079.362-014, SVP-6, skilled, light exertion). AR 40. The ALJ then made an alternative finding at step five that plaintiff could work as a medical records clerk (DOT Code 245.362-010, SVP-4, semiskilled, light exertion, based on transferable skills acquired as a medical records technician). AR 41-42.

## IV. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation omitted). It is "more than a mere scintilla but, less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (internal quotation omitted). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## V. DISCUSSION

Plaintiff contends the ALJ committed two errors: (1) "failing to account for any mental limitations in the RFC . . . [or] explain why such limitations were not included" and

(2) "improperly finding . . . plaintiff could perform her past relevant work." Doc. No. 18 at 7, 17. The Court addresses each of these claimed errors in turn.

### A. Mental Impairment Finding

The ALJ found plaintiff's "medically determinable mental impairment of anxiety does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is, therefore, nonsevere." AR 30. In reaching this conclusion, the ALJ considered the four broad functional areas set out in 20 CFR, Part 404, Subpart P. Appendix 1, known as the "paragraph B" criteria. *Id.* at 30-31. The ALJ then concluded plaintiff had mild limitations in the functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing herself. *Id.* The ALJ did not discuss plaintiff's mental limitations in plaintiff's RFC. AR 33-40.

Plaintiff contends "the ALJ erred by not including mental limitations in the RFC and by not explaining why plaintiff's mental limitations were not limiting enough to include appropriate limitations in the RFC." Doc. No. 18 at 12, *citing Hutton v. Astrue*, 491 F.App'x. 850 (9th Cir. 2012). Plaintiff further argues "the ALJ's error is not harmless given the fact the ALJ determined plaintiff could perform her [past relevant work] and has transferrable skills to perform as a medical records clerk," which is a semi-skilled position. *Id.* at 15. Defendant does not address *Hutton* and instead posits "it was reasonable that the ALJ did not include any [mental limitations] in the [RFC]." Doc. No. 22 at 5.

An ALJ must consider the limiting effect of all impairments, including non-severe ones, in assessing a claimant's RFC. 20 C.F.R. § 404.1545(a)(2) ("[The SSA] will consider all of [a claimant's] medically determinable impairments of which [the SSA] [is] aware, including [a claimant's] medically determinable impairments that are not 'severe' . . . when [the SSA] assess[es] [a claimant's] residual functional capacity."); *see also Hutton*, 491 F.App'x 850 ("Regardless of [a mental limitation's] severity . . . the ALJ was still required to consider [the plaintiff's mental limitation] when he determined [the plaintiff's] RFC.")

The record indicates plaintiff "feels completely incapable of performing even very simple or basic work." AR 818. "Constant pain stresses [her] out and causes anxiety. AR 582. She is "forgetful a lot of times," has difficulty paying attention, reading and following instructions, and completing tasks. AR 580. She also "'get[s] extremely depressed because of the pain,' decreased physical functioning, and loss of income." AR 818.

Here, however, the ALJ does not appear to have considered plaintiff's anxiety when formulating the RFC. The ALJ does not attribute any limiting effects to her anxiety or explain why, after finding plaintiff had mild mental limitations in each functional area, he did not include any restrictions related to these limitations in the RFC. While defendant urges the Court to find the ALJ's failure to discuss any limiting effects caused by plaintiff's anxiety was reasonable, "[t]he Court will not infer in a vacuum that the ALJ considered plaintiff's mild mental limitations but then validly concluded . . . they did not cause any significant limitation necessitating inclusion in the RFC." *Patricia C. v. Saul*, No. 19-cv-0636-JM-JLB, 2020 WL 4596757, at *13 (S.D. Cal. Aug. 11, 2020); *see also Gates v. Berryhill*, No. 16-cv-0049-AFM, 2017 WL 2174401, at *3 (C.D. Cal. May 16, 2017) (following *Hutton* and rejecting Commissioner's argument the court can infer the ALJ considered plaintiff's mild mental limitations).

The ALJ erred when he did not address whether plaintiff's anxiety limited her ability to work when assessing her RFC. *See Hutton*, 491 F.App'x 850. This error was not "inconsequential to the ultimate nondisability determination" because "[t]he Court cannot determine what the result would have been if the ALJ had considered plaintiff's mild mental limitations when assessing her RFC." *Patricia C.*, 2020 WL 4596757, at *13.

### B. Past Relevant Work Finding

At step four the ALJ found plaintiff could perform her past relevant work, which the vocational expert ("VE") classified as a medical records technician (DOT Code 079.362-014, SVP-6), a skilled position requiring light exertion as a medical records technician at step four. AR 40. The ALJ then made an alternative finding at step five that plaintiff could work as a medical records clerk (DOT Code 245.362-010, SVP-4), a semi-skilled position

requiring light exertion, based on transferable skills she acquired as a medical records technician. AR 41-42.

Plaintiff argues these findings are not supported by substantial evidence because the VE testified "plaintiff's past relevant work as a medical records technician has evolved over the last [five] to eight years into a sedentary position [due to] computerization," whereas plaintiff has not performed the job since 2016 and the record lacks evidence showing she has the computer skills necessary to perform the job today. Doc. No. 18 at 18-19.

Defendant offers alternate counterpoints. First, defendant responds "this is essentially a restatement of plaintiff's first argument about the [RFC] finding." Doc. No. 22 at 6. It is not – the issue is whether the record supports the ALJ's steps 4 and 5 findings.

Defendant further argues "[t]he ALJ was within reason to rely on the [VE's] testimony" and "the ALJ made . . . findings" on transferable skills. *Id.* at 7. Defendant does not identify where these purported transferable skills findings appear in the ALJ's decision.

**1. Step 4**

At step four, an ALJ may deny benefits if a claimant can still perform (1) a specific prior job as "actually performed;" or (2) the same kind of work as it's "generally performed" in the national economy. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citing Social Security Ruling (SSR) 82–61); SSR 82–62 at *3.

Here, the ALJ's step four conclusion that plaintiff can perform a medical records technician job, which the VE classified her past relevant work as, rests solely on the VE's testimony. AR at 40-42. The VE testified she would categorize plaintiff's "past work . . . with the medical records" as a medical records technician. AR 155. She then elaborated "per the DOT, that job is characterized as light, [but] I know over the past say five to eight years that job has become more of a sedentary job because patient records have become more computerized." AR 156.

At step four the ALJ did not consider the VE's testimony that the medical records technician job as it is currently typically performed is different than when plaintiff last

worked. The ALJ also did not consider what computer skills are now required of a medical records technician, or whether plaintiff possesses those skills. Thus, in light of the inconsistency between the VE testimony regarding the requirements of a medical records technician and the lack of evidence that plaintiff has the necessary computer skills to perform the job, the VE testimony does not provide substantial evidence supporting the ALJ's finding that plaintiff can perform her past relevant work.

**2. Step 5**

At step five, the ALJ has the burden of establishing, through the testimony of a vocational expert or by reference to the Medical–Vocational Guidelines, that plaintiff can perform alternative jobs that exist in substantial numbers in the national economy. *Bruton v. Massanari*, 268 F.3d 824, 827 n. 1 (9th Cir. 2001). When a vocational expert's testimony is used at step five, the expert "must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162–1163 (9th Cir. 2001).

Acquired skills are transferable to other jobs "when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1); *see also* SSR 82–41, 1982 WL 31389, at *2 ("Transferability means applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semiskilled jobs.) "Transferability is most probable and meaningful among jobs in which (1) the same or lesser degree of skill is required, (2) the same or similar tools and machines are used, and (3) the same or similar raw materials, products, processes, or services are involved." 20 C.F.R. § 404.1568(d).

Plaintiff was born March 8, 1965, and had reached "advanced age," pursuant to 20 C.F.R. § 404.1563, at the time of the hearing. AR 41. Because age is an adverse vocational factor, the DOT classification of plaintiff's past relevant work is material to the ALJ's step five finding. A person who is of "advanced age" or "closely approaching retirement age"

who is limited to light work or less, but cannot perform past relevant work, ordinarily must have skills that are transferable to alternative skilled or semi-skilled work to be found not disabled. 20 C.F.R. § 404.1568; *see also Terry v. Sullivan,* 903 F.2d 1273, 1275–1276 (9th Cir. 1990) ("[I]t is not enough that persons of advanced age are capable of doing unskilled work; to be not disabled, they must have acquired skills from their past work that are transferable to skilled or semiskilled work.").

The ALJ's alternative finding at step five that plaintiff could work as a medical records clerk is based on the VE's testimony that "an individual with the same age, education, past relevant work experience, and [RFC] as [plaintiff], and [with] . . . skills acquired in [plaintiff's] past relevant work but no additional skills" would "require no significant vocational adjustment" to be employed as a medical records clerk position. AR 41-42.

Here, the ALJ's finding that plaintiff has transferable skills to be employed as a medical records clerk is based on the VE's testimony "the skills that a person would gain from working many years as a medical record technician . . . would transfer to a medical record clerk position." AR 156. As discussed, *supra*, the record does not support the ALJ's finding plaintiff could be currently employed as a medical record technician given the computer skills requirement that has evolved since plaintiff last performed the job, and the lack of evidence that she has the necessary computer skills. Ergo, the ALJ's subsequent conclusion that plaintiff has transferable skills to another job based on her ability to perform the medical record technician job is also unsupported.

For the foregoing reasons, the VE's testimony does not amount to substantial evidence supporting the ALJ's finding that plaintiff has skills that are transferable with little vocational adjustment to the alternative DOT job medical records clerk.

## V.     REMEDY

Here remand is required, at a minimum, in order for the ALJ to reevaluate the RFC as well as steps four and five. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003) (remanding for further administrative proceedings where "outstanding issues" remained to

be resolved and it was "not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits"); *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) ("The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court.")

## VI. CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: March 24, 2025

Hon. Karen S. Crawford
United States Magistrate Judge